UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------- X
IN RE THE APPLICATION OF SEAWOLF :
TANKERS INC. AND HEIDMAR INC., :
: Civil Case No.: 20-Misc._____
REQUEST FOR DISCOVERY PURSUANT :
TO 28 U.S.C. § 1782 :
:
:
---------------------------------------------------------- X

# DECLARATION OF JAMES H. POWER IN SUPPORT OF
# *EX PARTE* APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

I, James H. Power, declare as follows:

1. I am a member of the law firm of Holland & Knight LLP, counsel for Seawolf Tankers Inc. ("Seawolf") and Heidmar Inc. ("Heidmar") (Seawolf and Heidmar collectively, "Applicants"), and am duly admitted to practice before the United States District Court for the Southern District of New York.

2. I respectfully submit this declaration in support of Applicant's application for discovery pursuant to 28 U.S.C. § 1782.

3. The statements made in this declaration are based upon my personal knowledge, including information provided to me by Applicants and my instructing foreign counsel.

4. To the best of my knowledge, information, and belief, based on my assessment of the facts surrounding this dispute and of the entities and individuals, the following entities and individuals from which discovery is sought either reside or are found in the District having residency, offices, registered addresses or managing agents in Connecticut:

   a. Deloitte & Touche LLP (address 695 East Main Street, Stamford, CT 06901)

    b. Ridgebury Tankers Ltd. (Registered in CT with the CT Secretary of State)

    c. Ridgebury Tankers LLC (represents to be located or present via agent in CT)

    d. Ridgebury Crude Tankers LLC (represents to be located or present via agent in CT)

    e. Ridgebury Management LLC (represents to be located or present via agent in CT)

    f. Robert Burke (CEO)(resident of Connecticut)

    g. Hew Crooks (CFO)(resident of Connecticut)

5. Upon information and belief, based on an open property records search both Robert Burke (identified as CEO Ridgebury Tankers and other affiliated companies) and Hew Crooks (identified as CFO of Ridgebury Tankers) have listed addresses in Connecticut and are believed to be principally employed by one or more entities having an office address at 33 RIVERSIDE AVENUE | 3RD FLOOR | WESTPORT, CONNECTICUT 06880, the office of Ridgebury Tankers.

6. With respect to the foregoing, time is of the essence in obtaining an order authorizing discovery pursuant to this 1782 Application as information in the possession of the entities and persons set forth above that will need be to be considered and used in the pending UAE proceeding to preserve the security posted for the claims against Ridgebury Kilo LLC and is further intended to be used to seek pre-judgment relief in the form of an injunction against dissipation of any sale process from the upcoming sale of the vessel PURPOSE and potential receiver in the Republic of the Marshall Islands before such sale occurs or sale proceeds are dissipated beyond the jurisdiction of the High Court of the RMI. The information in the form of documents sought as well as the testimony of witnesses should be readily available for production and disclosure within 7-14 days after service of any subpoena.

## Background

7. The underlying claim arises from an ill-fated voyage of the vessel RIDGEBURY PROGRESS (IMO No. 9180152) (hereinafter "PROGRESS") which suffered repeated breakdowns and serious delays.

8. The PROGRESS was at all relevant times owned by the shell company Ridgebury Kilo a Special Purpose Vehicle ("SPV") incorporated in the Republic of the Marshall Islands ("RMI") with a registered address at Trust Company Complex, Ajeltake Island, Ajeltake Road, Majuro, Marshall Islands MH 96960. Ridgebury Kilo is just one entity in a group of companies self-described collectively as the Ridgebury Group or Ridgebury Tankers. The Ridgebury Group consists of approximately 24 entities mostly formed and existing under the laws of the RMI with one or two group entities believed to formed under Delaware law. At the time of this Declaration the Ridgebury Group is believed to consist of the entities reflected in Power Exhibit 8 – Ridgebury Crude Tankers LLC Investor Presentation and further includes four vessel owning entities set forth herein below as well as RV4 Fleet Finance LLC and Ridgebury V4 Investments LLC. Further, based on filings in the RMI additional entities appear to affiliated with the Ridgebury Group including, RVL II PRINCIPALS HOLDINGS LLC, RIDGEBURY VL II LLC, RIDGEBURY VL II PRINCIPALS LLC, RIDGEBURY MANAGEMENT PRINCIPALS LLC, BURKE TANKERS LTD and RIDGEBURY TANKERS CORP.

9. After the voyage and after receiving numerous complaints in respect to the 11 engine stoppages and off-hire periods resulting therefrom, the PROGRESS, Ridgebury Kilo's sole asset was sold on or about July 2, 2020 for approximately $24 million and the proceeds believed to have been promptly dissipated to related interests including equity holders and/or other entities within the Ridgebury Group of companies thereby rendering Ridgebury Kilo insolvent. Upon

information and belief, proceeds from the sale were deposited into an account in the name of RV4 Fleet Finance LLC which serves as the joint operating account for three sister vessels.

10. On information and belief, the proceeds from the sale of the PROGRESS were likely to have been held, possessed or maintained by RV4 Fleet Finance LLC and/or Ridgebury V4 Investments LLC, RT Holdings LLC and/or DB Bank ASA for a period of time before such funds were further transferred to other affiliated entities, members, shareholders or investors.

11. This same process occurred with the sale proceeds of the vessels PRIDE and PIONEER which were completed in Q1 and Q2 2020. If the fourth and final vessel, the PURPOSE is sold (and sale proceeds not preserved or put under supervision of the RMI Court), under the current structure of the Ridgebury Group each of the shell companies that owed each vessel will be rendered asset-less as well as the immediate holding company RV4 Fleet Finance LLC thereby frustrating the expected judgment by Seawolf against Ridgebury Kilo LLC for breach of the charter.

12. By Pool Agreement dated July 31, 2015 between Ridgebury Kilo, Heidmar and Seawolf (hereinafter "Pool Agreement"), Ridgebury Kilo, as Participant, entered the Vessel in the Seawolf Tankers Pool, as Pool Company, that was commercially managed by Heidmar, as Agent. Attached hereto as Power Exhibit 1 is a true and correct copy of the Pool Agreement, dated July 31, 2015 and Amendments Nos. 1-3 thereof.

13. Because of this arrangement, Clause IV (B) (3) of the Pool Agreement obligated Ridgebury Kilo to time charter the PROGRESS to Seawolf for an initial period of 6 months after which the Charter Party became evergreen.

14. By Clause IV (B) (1) of the Pool Agreement Ridgebury Kilo agreed to indemnify and hold Heidmar harmless from all consequences or liabilities in complying with orders given to it.

15. By a time charter party dated July 31, 2015 between Ridgebury Kilo and Seawolf (hereinafter "Charter Party"), Seawolf time chartered the PROGRESS from Ridgebury Kilo. Attached hereto as Power Exhibit 2 are true and correct copy of the Charter Party, dated July 31, 2015 and Addendum No. 1 and Amendments Nos. 1-3 thereof.

16. Clause 1 of the Charter Party – Description and Condition of the Vessel – obligated Ridgebury Kilo to provide to Seawolf a vessel, on delivery and throughout the duration of the Charter Party, that was fit in every way for service under the Charter Party including but not limited to:

- in every way fit to carry crude petroleum and/or its products;
- tight, staunch, strong, in good order and condition, and in every way fit for the service, with her machinery, boilers, hull and other equipment (including but not limited to hull stress calculator and radar) in a good and efficient state;
- with tanks, valves and pipelines oil-tight;
- in every way fitted for burning at sea – fuel oil with a maximum viscosity of 380 Centistokes at 50 degrees Centigrade/any commercial grade of fueloil ("ACGFO") for main propulsion and for auxiliaries in port - marine diesel oil/ACGFO for auxiliaries.

17. Clause 2 of the Charter Party – Shipboard Personnel and their Duties – obligated Ridgebury Kilo to, amongst other things, prosecute all voyages with utmost despatch.

18. Clause 3 of the Charter Party – Duty to Maintain – provides as follows: "Owners shall, whenever the passage of time, wear and tear or any event (whether or not coming within Clause 27 hereof) requires steps to be taken to maintain or restore the conditions stipulated in Clauses 1 and 2(a), exercise due diligence so to maintain or restore the vessel."

19. Clause 9 of the Charter Party – Payment of Hire – as amended by Amendment No. 2, directed Seawolf to remit hire payments to Ridgebury Kilo under the Charter Party to an account in the name of RV4 Fleet Finance LLC (hereinafter "RV4 Fleet") held at DnB Bank ASA situated in New York, New York. (RV4 Fleet account details at DNB Bank ASA have been redacted to prevent disclosure of sensitive financial information).

20. RV4 Fleet was, and still is, an SPV incorporated in the RMI with a place of business at Trust Company Complex, Ajeltake Island, Ajeltake Road, Majuro, Marshall Islands MH 96960 and is the 100% owner of the shell company Ridgebury Kilo, the borrower under a Facility Agreement dated on or about March 2, 2018, and the holder of a bank account at DnB Bank ASA situated in New York, New York.

21. RV4 Fleet is also the 100% owner of three other shell SPV's, which are, or were, the registered owners of other vessels within the Ridgebury Group as follows:

- M/T RIDGEBURY PIONEER owned by Ridgebury Lima LLC ("Ridgebury Lima") from 10 November 2015 until sold 9 May 2018;
- M/T RIDGEBURY PRIDE owned by Ridgebury Juliet LLC ("Ridgebury Juliet") from 19 October 2015 until sold 29 March 2020;
- M/T RIDGEBURY PURPOSE owned by Ridgebury Mike LLC ("Ridgebury Mike") since 16 July 2015 with sale scheduled for September 2020.

22. Ridgebury V4 Investments LLC (hereinafter referred to as "Ridgebury Investments") was, and still is, an SPV incorporated in the RMI with a place of business at Trust Company Complex, Ajeltake Island, Ajeltake Road, Majuro, Marshall Islands MH 96960 and is the 100% owner of RV4 Fleet.

23. Along with the PROGRESS, all such vessels (collectively referred to as the "Ridgebury Investments Fleet") were entered with the Seawolf Tankers Pool since acquisition in 2015 pursuant to pool agreements on identical terms to the PROGRESS Pool Agreement and time chartered to Seawolf on identical terms to the PROGRESS Charter Party. Pursuant to the terms of those Charter Parties the pool earnings for all four vessels in the Ridgebury Investment Fleet were from on or about March 5, 2018 remitted to the bank account held by RV4 Fleet at DnB Bank ASA within this District. There is no evidence that the SPV's of the Ridgebury Investment Fleet maintained individual bank accounts or had access to funds to pay debts or fund operations rather all earnings from operation of the Ridgebury Investments Fleet were directed to accounts of other entities within the Ridgebury Group potentially rendering Ridgebury Kilo perpetually insolvent having no access to funds or even a bank account to pay claims such as the claim arising from the breach of the Charter in this case.

24. Further, by the Facility Agreement dated on or about March 2, 2018, RV4 Fleet, as Borrower, Ridgebury Investments, as Parent Guarantor, and Ridgebury Kilo (along with Ridgebury Lima, Ridgebury Juliet and Ridgebury Mike), as Owner Guarantors, borrowed money from Macquarie Factoring (UK) Limited, which registered first preferred mortgages against the PROGRESS as well as the other three vessel beneficially owned by Ridgebury Investments through RV4 Fleet which owned the individual SPV's for the PURPOSE, PIONEER and PRIDE. Attached hereto as Power Exhibit 3 is a true and correct copy of the First Preferred Marshall Islands Mortgage for the RIDGEBURY PROGRESS, dated March 2, 2018 and the Facility Agreement with Macquarie Factoring (UK) Limited.

25. Despite being Marshall Islands companies whose registered address is listed as Trust Company Complex, Ajeltake Island, Ajeltake Road, Majuro, Marshall Islands MH 96960,

RV4 Fleet Finance LLC, Ridgebury V4 Investments LLC, Ridgebury Kilo LLC, Ridgebury Mike LLC, Ridgebury Juliet LLC, and Ridgebury Lima LLC, have all represented that they have only one place of business, or chief executive office from which each manages the main part of its business, located at 33 Riverside Ave., 3rd Floor, Westport, CT 06880. *See* Power Ex. 3 - Facility Agreement, Section 18.31 attached to the RIDGEBURY PROGRESS First Preferred Marshall Islands Mortgage, dated March 2, 2018). As such, based on such representations, despite being Marshall Islands companies having failed to register to do business in Connecticut as required, each of these entities have suggested that documents and information available from them would be located at 33 Riverside Ave., 3rd Floor, Westport, CT 06880 to the extent each entity is present there or has an agent or manager at the address acting on their behalf. Robert Burke is the CEO of Ridgebury Kilo LLC (Power Ex. 1 at p. 16) and Ridgebury Mike LLC (Power Ex. 2 p. 41) and is believed to have has similarly identified as President of Ridgebury Lima. He is an appropriate witnesses to testify about information concerning the Ridgebury Tanker Group to be used in support of anticipated filings in the RMI.

26. Towards the top of the complex corporate ownership structure is RT Holdings LLC, which is a limited liability holding company formed in March 2013 under the laws of the RMI.

27. RT Holdings LLC was formed by management and Riverstone Holdings LLC to hold 100% of the ownership in Ridgebury Tankers LLC (a Marshall Islands company) and Ridgebury Crude Tankers LLC (a Marshall Islands company). RT Holdings LLC owns and operates tanker vessels including participating in the ownership and operation of the Very Large Crude carrier fleet consisting (or formerly consisting of the PROGRESS, PURPOSE, PIONEER and PRIDE).

28. On June 11 2015, Ridgebury Investments was formed to acquire four VLCC's. Payment for hire earned by the PROGRESS, PURPOSE, PIONEER and PRIDE was paid into the bank account of Ridgebury Investments at DNB Bank ASA in New York beginning in 2015 and into 2018 where such funds were comingled.

29. Ridgebury Holdings LLC, a wholly owned subsidiary of RT Holdings, LLC, owns 36% of Ridgebury Investments, and Ridgebury Holdings LLC directly or through other related entities exercises significant control of Ridgebury Investments, including overall corporate, commercial, operational and administrative management of Ridgebury Investments.

30. On December 31, 2015, Riverstone Global Energy and Power Fund V (Cayman), L.P. owned 97.148% of RT Holdings, LLC with the remaining 2.852% owned by officers and directors of RT Holdings LLC.

31. Riverstone Global Energy and Power Fund V (Cayman), L.P. is affiliated with Riverstone Holdings LLC which maintains an office at 712 Fifth Avenue, 36th Floor, New York, NY 10019, United States.

32. Riverstone Holdings LLC is believed to be the custodian of records of Riverstone Global Energy and Power Fund V (Cayman), L.P. and will have possession, custody and control over records relating to the relationship between the individual companies, in the Ridgebury Group of companies, the solvency of the various entity, distributions of proceeds from sale of vessels including the PROGRESS, PRIDE and PIONEER and soon to be sold PURPOSE. Documents from Riverstone Holdings has or will be sought independently from this Application in this District.

33. According to financial audits one of Riverstone Holdings LLC's nominated directors of RT Holdings LLC is paid $150,000 on an annual basis beginning in 2015.

34. Based on the website of Ridgebury Tankers the Riverstone director believed to serving on the Ridgebury Group Board of Directors as Chairman since 2015 is N. John Lancaster. *See* http://ridgeburytankers.com/about/board-of-directors/ as of August, 2020. The website of Ridgebury Tankers further confirms that "Ridgebury is owned together by company management and Riverstone." *See* http://ridgeburytankers.com/about/riverstone/.

35. Ridgebury Tankers is the trade name used to describe the entire group of companies and the website represents to the public-at-large that Ridgebury Tankers is located in and operated from Westport, Connecticut. However, it should be noted that according to the Secretary of State for Connecticut the only Ridgebury entity that appears to have ever registered to do business in Connecticut was Ridgebury Tankers Ltd., which is, or was, a company incorporated in the Republic of the Marshall Islands. The lobby directory at 33 Riverside Avenue refers only to Ridgebury Tankers (Floor 3) with no further elaboration suggesting disregard of corporate formality and separateness. Attached hereto as Power Exhibit 9 is a photo taken at the Ridgebury Group offices on or about Augusts 17, 2020.

36. Additional companies affiliated with the Ridgebury Group of companies have been incorporated in the Republic of the Marshall Islands for the purpose of serving as SPV's or mere holding companies.

37. The Ridgebury Group was formed initially in 2013 through the initial investment of Riverstone Holdings LLC of approximately $200 million which was, in part, used for the acquisition of vessels which were then placed into SPV's. The Ridgebury Group has been self-described to consist of each and every affiliated company under the ownership of members of management and Riverstone Global Energy and Power Fund V (Cayman) L.P. The Ridgebury Group consists of approximately 24 companies of whom are almost exclusively incorporated in

the Republic of the Marshall Islands. Ridgebury Management LLC, which is believed to managed all of the Vessel assets on behalf of the individual RMI SPV's appears to be a Delaware company. Attached hereto as Power Exhibit 8 is a true and correct copy of Ridgebury Crude Tankers LLC/Riverstone Investor Presentation, dated March 6, 2014.

38. Additional companies that are believed to hold interests in the companies associated with direct and indirect ownership of the PROGRESS and PURPOSE and who have potentially obtained distributions or other forms of payments from earnings and/or proceeds of the sale of the vessels PROGRESS, PIONEER and PRIDE and potential proceeds from the upcoming sale of the PURPOSE are RVL II PRINCIPALS HOLDINGS LLC, RIDGEBURY VL II LLC, RIDGEBURY VL II PRINCIPALS LLC, RIDGEBURY MANAGEMENT PRINCIPALS LLC, RIDGEBURY TANKERS LLC, BURKE TANKERS LTD, RIDGEBURY TANKERS CORP. Both Robert Burke, CEO and Hew Crooks CFO, are believed to have information regarding the role of these additional entities believed to hold interests in the companies associated with direct and indirect ownership of the PROGRESS and PURPOSE and who have potentially obtained distributions or other forms of payments from earnings and/or proceeds

39. During the course of the PROGRESS, PURPOSE, PRIDE AND PIONEER operations where Seawolf or Heidmar was involved, Seawolf has remitted pool earnings to Ridgebury Kilo and Ridgebury Mike into the bank account held by RV4 Fleet at DNB Bank ASA. Attached hereto as Power Exhibit 4 is a true and correct copy of a bank statement recording such payments made to the RV4 Fleet bank account (The RV4 Fleet account details at DNB Bank ASA have been redacted to prevent disclosure of sensitive financial information).

40. The earnings of the Ridgebury Investments Fleet since at least March 2018 appear to have been comingled and used to fund the operations of the vessels and pay debts relating to the

various related party companies and upon information and belief those funds have been remitted up the corporate chain to related parties and, at present, may have been dissipated outside of the Ridgebury Group including to members and investors.

41. In fact, on at least one occasion subsequent to December 31, 2015, the board of Ridgebury Investments approved a distribution of $15,000,000 which was paid to members and/or investors. *See* Power Exhibit 7 - RT Ridgebury RT-Holdings Consolidated Financial Statements for 2014 and 2015, p. 17. The RT Holdings LLC and subsidiary consolidated audit report was prepared by Deloitte & Touche LLP, 696 East Main Street, Stamford, CT 06901.

### The Voyage Giving Rise to the Claims

42. Pursuant to the terms of the Pool Agreement and the Charter Party, on or shortly after July 31, 2015 the Vessel was delivered by Ridgebury Kilo into the Seawolf Tankers Pool and into the time charter service with Seawolf.

43. By a voyage charter party dated November 20, 2019 entered into between Seawolf and Laurel Shipping LLC ("Laurel") the Vessel was sub-chartered to Laurel for the carriage of fuel oil from the US Gulf and/or the Bahamas and/or the Caribbean to West Coast India or Singapore / Japan range.

44. Under the aforesaid voyage charter party, on December 28, 2019 Laurel ordered the Vessel to load cargo at St. Croix, U.S. Virgin Islands, and then Freeport, Bahamas. The same day the Vessel tendered Notice of Readiness at St. Croix and loaded 1,487,840.66 bbls of fuel oil from December 28-31, 2019.

45. On January 4, 2020 the Vessel arrived at Freeport, Bahamas and tendered Notice of Readiness on arrival. She then loaded a further 1,066,273.75 bbls of fuel oil from January 6-16, 2020.

46. On January 16, 2020 three bills of lading for the cargo loaded aboard the Vessel were issued on behalf of the Master / Ridgebury Kilo, with Freepoint Commodities LLC named as shippers and for delivery to the order of Freepoint Commodities Singapore Pte. Ltd (hereinafter collectively referred to as "Freeport") at Singapore and/or Malaysia. On January 20, 2020 Laurel issued discharge orders to the Vessel's Master/Owners for cargo delivery at Malaysia / Singapore, Tanjung Pelapas STS.

47. On January 20, 2020 Laurel issued discharge orders to the Vessel's Master/Owners for cargo delivery at Malaysia / Singapore, Tanjung Pelapas STS.

48. On January 24, 2020 the Vessel's Master advised Laurel that all was going well and weather permitting the Vessel's ETA at Singapore, Tanjung Pelapas STS would be the beginning of March. However, the Vessel did not reach Singapore until April 29th, some 50 – 60 days late and after suffering main engine problems that resulted in 11 different stoppages.

49. The Vessel finally arrived at Huizhou, China on June 18, 2020 where she completed discharge on June 19, 2020.

50. The Vessel engine problems, stoppages and delays during the voyage were all due to the Vessel's poor state of maintenance and repair in breach of Ridgebury Kilo's Charter Party obligations as aforesaid.

51. Compounding the matter, following the repairs performed during the numerous stoppages, the Vessel was unable to maintain her warranted Charter Party speed of 12.5 knots and instead often proceeded at a speed of between 7 - 9 knots, which constitutes a further breach by Ridgebury Kilo of its Charter Party obligations.

52. The technical managers and crewing agent of the PROGRESS was Bernhard Schulte Shipmanagement (Singapore) Pte. Ltd., on information and belief, will have contracted

directly with Ridgebury Kilo or another entity within the Ridgebury Group. Payments for services would have been made to Bernhard Schulte Shipmanagement (Singapore) Pte. Ltd. for both technical management and the provision of the crew. It is believed that comingled funds in the account of RV4 Fleet will have been used to fund expenses and any losses of other SPV's owned by RV4 Fleet.

53. Due to the aforesaid stoppages, Seawolf and Heidmar have been presented with a demand letter dated July 22, 2020 from counsel for Laurel and Freepoint (the shippers and consignees of the cargo), asserting estimated losses and extra expenses quantified at approximately $19,700,000.00 and alleging breaches by the vessel interests (including Seawolf and Heidmar as contended in the letter) of the voyage charter party and/or the bills of lading (the "Laurel & Freepoint Claims") and Seawolf and Heidmar have subsequently placed Ridgebury Kilo on notice of the Laurel and Freepoint Claims. Attached hereto as Power Exhibit 5 is a true and correct copy of the demand letter, dated July 22, 2020 from counsel for Laurel and Freepoint.

54. Under English law, which is incorporated into the Ridgebury Kilo's Charter Party, Seawolf has an accrued cause of action against Ridgebury Kilo for breach of, inter alia, Clauses 1, 2 and 3 of the Charter Party and Seawolf claims damages for the losses suffered including any amounts that Seawolf is required to pay in respect of the Laurel Claims.

55. Seawolf has commenced London arbitration against Ridgebury Kilo claiming, inter alia, damages for the losses caused by Ridgebury Kilo's breaches of the Charter Party and delay in the performance of the voyage and in the delivery of the cargo.

56. Under English law, which governs Ridgebury Kilo's Pool Agreement obligations, Heidmar is entitled to be indemnified and held harmless by Ridgebury Kilo from all consequences

and liabilities, including any amounts that Heidmar is held liable to pay in respect of the Laurel Claims.

### Other Contemplated Foreign Proceedings

57. The undersigned, James H. Power, Esq., is admitted to the bar of the Republic of the Marshall Islands and is familiar with the various pre-judgement remedies available in the RMI having obtained certain pre-judgment relief including an injunction against the sale or transfer of title of a Marshall Island's flagged vessel in an unrelated matter.

58. An action in the Republic of the Marshall Islands is currently being developed and upon final authorization given by the clients I intend to be file in time to enjoin the dissipation of sale proceeds from the sale of the PURPOSE beyond Ridgebury Mike, Ridgebury Group entities, RV Fleet, Ridgebury Investments, RT Holdings or Ridgebury Tankers LLC.

59. Each and every entity in the Ridgebury Group of Companies including the following entities are incorporated in the RMI and subject to general jurisdiction of the High Court of the RMI: Ridgebury V4 Investments LLC, RV4 Fleet Finance LLC, Ridgebury Holdings LLC, RT Holdings LLC, Ridgebury Management LLC, Ridgebury Kilo LLC, Ridbebury Mike LLC, Ridgebury Juliet LLC and Ridgebury Lima LLC.

60. Moreover, the following entities are entered as joint entrants under the same insurance policy: Ridgebury Kilo LLC (Owner); RT Holdings, LLC (Holding company); Ridgebury Holdings LLC (Marshall Islands) (Holding company); Ridgebury V4 Investments LLC (Parent Owner); Ridgebury Management LLC (Manager); Bernhard Schulte Shipmanagement (Singapore) Pte. Ltd. (Technical managers); Bernhard Schulte Shipmanagement (Singapore) Pte. Ltd. (Crewing agent) and Ridgebury Tankers LLC is designated as the group principal. Attached

hereto as Power Exhibit 6 is a true and correct copy of the Certificate of Entry for the RIDGEBURY PROGRESS.

61. Under the law of RMI various forms of pre-judgment relief are available including, but limited to injunctions and the appointment of a receiver. The High Court of the RMI has previously issued pre-judgment injunctions against the sale and transfer of assets including the RMI flagged superyacht LUNA where the Court found that the sale or transfer of title of the LUNA might render the registered owner insolvent or frustrate the ability of a claimant to recover on a later recognized foreign judgement. The undersigned was counsel of record in the RMI in Case No. 2018-169 where the pre-judgment injunction was granted and remains in effect today. A true and correct copy of the LUNA injunction issued August 19, 2018 by the High Court of the RMI is attached hereto as Power Ex. 10.

62. Here, because all of the relevant entities that have or will possess funds of Ridgebury Kilo, the Applicants' counter party to the PROGRESS Charter Party and Pool Agreement, the RMI is potentially the sole place in the world that would have jurisdiction to issue orders covering each of the Ridgebury Group entities for the preservation of assets pending resolution of the underlying contract claim against Ridgebury Kilo and the claims by Laurel Shipping and/or Freepoint against the Applicants for which Ridgebury Kilo would be responsible for paying.

63. Rule 65 of the Marshall Islands Rules of Civil Procedure ("MIRCP") govern the issuance of temporary restraining orders and preliminary injunctions. Injunctive relief may be sought on a pre-judgment basis in order to avoid the transfer of assets pending litigation in the RMI and elsewhere.

64. The Marshall Islands Rules of Civil Procedure ("MIRCP"), Rule 66, governs receiverships. Pursuant to Rule 66 of the MIRCP, a court has the discretion to appoint a receiver. Among various other elements, under MIRCP 66 the High Court would strongly consider the possibility of irreparable harm when determining the appointment of a receiver. A movant must make a clear showing that (1) an emergency exists and (2) that a receiver is necessary to protect the property interests of the movant. Although there is no precise formula for determining whether a receiver should be appointed, a court may consider the following equitable factors:

1) the probability of the plaintiff's success in the action;

2) the possibility of irreparable injury to the plaintiff's interests in the property;

3) the inadequacy of the security to satisfy the debt;

4) the probability that fraudulent conduct has occurred or will occur to frustrate the plaintiff's claim;

5) the financial position of the debtor;

6) the imminent danger of the property being lost, concealed, injured, diminished in value, or squandered;

7) the inadequacy of available legal remedies;

8) the lack of a less drastic equitable remedy; and

9) the likelihood that appointing a receiver will do more harm than good.

65. Under the requirements of MIRCP 66, emergency circumstances can justify the appointment of a receiver over an entity where there is a risk of the transfer of assets and a receiver may be appointed to avert further loss of assets.

66. If the facts of the case show or a colorable claim can be asserted that Ridgebury Kilo is insolvent or has dissipated assets in advance of a potential judgment then a cause of action exists under RMI law that could support an injunction and/or the appointment of a receiver. Specifically, if it can be shown that one or more of the Ridgebury companies subject to jurisdiction in the RMI have control over funds held for the benefit of Ridgebury Kilo or have received transfers of funds of Ridgebury Kilo prior to or after the sale of the vessel PROGRESS in July 2020 then such entities could be enjoined from further transferring such funds.

67. The discovery sought is intended and specifically designed to obtain the necessary information to establish patterns of funds transfers by and between the various Ridgebury entities particularly where those funds originated from earnings by Ridgebury Kilo or from the sale of the PROGRESS or from earning generated by the operations of the three sister where those entities can be shown to be alter egos or grounds for piercing the corporate veil exist.

68. Moreover, obtaining targeted information from Deloitte & Toche and from Ridgebury Tankers (and affiliates entities believed to be located within the District as set forth above) regarding the financial stability or potentially insolvent status of certain affiliates, financial structure of the Ridgebury Group and payment to members and investors and instructions for inter-company transfers, audit statements, sales agreements and correspondence for the sales of the PRIDE, PIONEER, PROGRESS and PURPOSE, and other financial records for related to its investment in Ridgebury Group entities will be used to draft a well pled complaint seeking various forms of pre-judgment relief available in the RMI including injunction against the sale of the

PROGRESS and further distribution of funds from the earning or sale from the sister vessels PURPOSE and PRIDE.

69. Granting the assistance requested by Seawolf Tankers LLC and Heidmar Inc. would not offend constitute a circumvention of foreign proof-gathering rules of the RMI. There is no RMI rule of evidence that would prevent discovery obtained under 28 U.S.C. § 1782 being used in the contemplated RMI Proceeding.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:      New York, New York
               August 24, 2020

Respectfully Submitted,

By: _____
James H. Power