# Exhibit 5

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |
|---|---|
| _____ <br> *Plaintiff* <br> v. <br> _____ <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
|  |  |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

|  |  |  |
|---|---|---|
| *CLERK OF COURT* | OR | |
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

## DEFINITIONS

1. The term "Ridgebury Group" refers to each and every affiliated company under the ownership of members of management and Riverstone Global Energy and Power Fund V (Cayman) L.P.

2. The term "document" is defined as set forth in Local Civil Rule 26(c)(2).

3. The term "identify" when used with respect to persons is identified as set forth in Local Civil Rule 26(c)(3).

4. The term "identify" when used with respect to documents is defined as set forth in Local Civil Rule 26(c)(4).

5. The terms "you" and "your" refer to the party identified on the cover of this subpoena, its counsel, and representatives.

## DOCUMENT REQUESTS

A. All documents concerning the sale and receipt of proceeds from the sale of the M/V RIDGEBURY PRIDE, M/V RIDGEBURY PIONEER, M/V RIDGEBURY PROGRESS, M/V RIDGEBURY PURPOSE, including MOA's contract for sale, communications with brokers, board approvals, minutes, correspondence concerning the instructions for wire transfer of funds from purchaser, receipt, disposition of and distribution or dissipations of such sale proceeds within the Ridgebury Group or to investors, members or third parties.

B. All communications concerning or relating preparation for the sale to the M/V RIDGEBURY PRIDE, M/V RIDGEBURY PIONEER, M/V RIDGEBURY PROGRESS, and/or M/V RIDGEBURY PURPOSE from January 1, 2020 to present.

C. Ridgebury Group Organization Charts from January 1, 2018 to present.

D. All documents evidencing ownership of the M/V RIDGEBURY PRIDE, M/V RIDGEBURY PIONEER, M/V RIDGEBURY PROGRESS, M/V RIDGEBURY PURPOSE at any time, including but not limited to certificates of documentation, certificates of registry, certificates of ownership or other title documents.

E. Any ship mortgage, loan, financing, facility or credit agreement, promissory note, deed, guaranty, assignment, security agreement or other instrument to which you were a party, executed by you, or in which you were identified as a borrower or guarantor, encumbering or granting a security interest or lien, in, or otherwise evidencing the financing of the M/V RIDGEBURY PRIDE, M/V RIDGEBURY PIONEER, M/V RIDGEBURY PROGRESS, M/V RIDGEBURY PURPOSE in effect from January 1, 2018 to present, redacted to exclude anything you consider confidential commercial information.  Please include in your response a description of the type of information that you redacted from the documents produced in response to this request (e.g. price or rate of interest).

F.  Any discharge of mortgage, first preferred mortgage, first preferred Marshall Islands mortgage or any other document reflecting the cancellation, release, or termination of any mortgage on the M/V RIDGEBURY PRIDE, M/V RIDGEBURY PIONEER, M/V RIDGEBURY PROGRESS, M/V RIDGEBURY PURPOSE.

G.  Any crewing and/or manning agreement for the M/V RIDGEBURY PRIDE, M/V RIDGEBURY PIONEER, M/V RIDGEBURY PROGRESS, M/V RIDGEBURY PURPOSE in effect from January 1, 2018 to present.

H.  Any operating and/or management agreement for the M/V RIDGEBURY PRIDE, M/V RIDGEBURY PIONEER, M/V RIDGEBURY PROGRESS, M/V RIDGEBURY PURPOSE in effect from January 1, 2018 to present.

I.  Copy of original certificate of incorporation and the original articles of association of your company, and all amendments thereto through present.

J.  The Incorporation Form of your company.

K.  The original annual return of your company and the annual reports in effect for fiscal years from 2015 through present.

L.  The tax returns for your company for the years 2018, 2019, and 2020.

M.  All resolutions of the board of directors or the director of your company from January 1, 2018 to present.

N.  All records of elections by the shareholders of  your company from January 1, 2018 to present.

O.  Any general assignment to which you are a party concerning the M/V RIDGEBURY PRIDE, M/V RIDGEBURY PIONEER, M/V RIDGEBURY PROGRESS, and/or M/V RIDGEBURY PURPOSE, in whole or part.

P.  Any facility agreement to which you are a party concerning the M/V RIDGEBURY PRIDE, M/V RIDGEBURY PIONEER, M/V RIDGEBURY PROGRESS, and/or M/V RIDGEBURY PURPOSE, in whole or part.

Q.  Any certificate of registration of charge to which you are a party concerning the M/V RIDGEBURY PRIDE, M/V RIDGEBURY PIONEER, M/V RIDGEBURY PROGRESS, and/or M/V RIDGEBURY PURPOSE, in whole or part.

R.  To the extent not previously produced in  response to another request for production, please produce any and all loans, or financial agreements in which the M/V RIDGEBURY PRIDE, M/V RIDGEBURY PIONEER, M/V RIDGEBURY PROGRESS, and/or M/V RIDGEBURY PURPOSE were identified or otherwise used as collateral or security, in whole or in part, from January 1, 2018 to present.

2

S.  All insurance policies, protection and insurance coverages, notes or entries, hull or machinery coverages, notes or entries for the M/V RIDGEBURY PRIDE, M/V RIDGEBURY PIONEER, M/V RIDGEBURY PROGRESS, and/or M/V RIDGEBURY PURPOSE that were in effect from January 1, 2018 to present.

T.  All documents from January 1, 2018 to present, relating to any loans, financing agreements, extensions of credit, or other financial transactions or exchange of services or funds between you and any affiliate of the Ridgebury Group.

U.  Profit and loss statements of Ridgebury Kilo LLC, Ridgebury Mike LLC, Ridgebury Juliet LLC and Ridgebury Lima LLC from January 1, 2018.

V.  Documents evidencing the relationship of RVL II PRINCIPALS HOLDINGS LLC, RIDGEBURY VL II LLC, RIDGEBURY VL II PRINCIPALS LLC, RIDGEBURY MANAGEMENT PRINCIPALS LLC, BURKE TANKERS LTD and RIDGEBURY TANKERS CORP to any or each of the following entities: Ridgebury Kilo LLC, Ridgebury Mike LLC, Ridgebury Juliet LLC and Ridgebury Lima LLC, RV4 Fleet Finance LLC, Ridgebury V4 Investments LLC, and RT Holdings LLC.

W.  All documents relating to the identification of any entity that made insurance payments for the M/V RIDGEBURY PRIDE, M/V RIDGEBURY PIONEER, M/V RIDGEBURY PROGRESS, and/or M/V RIDGEBURY PURPOSE from January 1, 2018 to present including records evidencing such payment of premiums.

X.  Monthly bank statement of accounts including records of deposits and withdrawals of Ridgebury Kilo LLC, Ridgebury Mike LLC, Ridgebury Juliet LLC and Ridgebury Lima LLC, RV4 Fleet Finance LLC, Ridgebury V4 Investments LLC, and RT Holdings LLC.

Y.  Documents identifying entities of the Ridgebury Group, having an office, place of business registered address or hold themselves out to operate from the address located in Connecticut at 33 Riverside Avenue, 3rd Floor, Westport, CT 06880.